### RIOUX et al. v. KEMPNER et al.
#### No. 5228.

Circuit Court of Appeals, Seventh Circuit.
Jan. 24, 1935.

Samuel W. Banning, of Chicago, Ill. (Henry B. Floyd, of Chicago, Ill., of counsel), for appellants.

William A. Bither and Luella M. Bither, both of Chicago, Ill., for appellee Nick Thomas.

Before ALSCHULER, EVANS, and FITZHENRY, Circuit Judges.

ALSCHULER, Circuit Judge.

The bill charged infringement of United States Patent No. 1,370,913, March 8, 1921, for a "Composition of Matter for Doughnut Mix." Upon the hearing the District Court held the patent void for want of invention and for anticipation, and dismissed the bill for want of equity. The quite brief specification [1] concludes with this single claim:

"I claim: A semi-liquid composition of matter consisting of milk and flour, with the other ingredients necessary to a doughnut, in such proportions that due to the amount of milk present, the mix is capable of being poured into hot grease to form a doughnut."

However detailedly the specification sets forth the ingredients of a doughnut mix and describes the somewhat complicated process of bringing together the enumerated ingredients and then cooking them, it is plain from the file wrapper that the Patent Office did not intend to confer a monopoly for employing the ingredients composing the mix, nor for the process of mixing the ingredients and producing doughnuts; and from the claim itself it is equally clear that the granted monopoly did not extend to a process for making doughnuts, nor for doughnuts composed of the enumerated ingredients.

It is equally plain that the patent does not cover mechanism of any kind for the production of doughnuts from any sort of mix. The essence of the claim seems to lie in the inclusion in any mix of enough milk to render the mix sufficiently fluid for pouring, and this quite regardless of whether the mix flows automatically from a hopper into a machine or is poured by hand from a pitcher or other receptacle into a doughnut form, and thence into hot grease for cooking.

The only advance which the patent purports to claim is in the fluidity of the mix

---

[1] "The object of my invention is the production of a doughnut mix to be worked and cooked in machines made therefor, and by means of which said mix is rapidly delivered in a thoroughly cooked condition, as doughnuts.

"My composition consists of a mixture of yolks of eggs, sugar, mace, oil, milk, flour, salt, cream of tartar, baking soda, and if preferred oil of lemon or other suitable flavoring extract.

"In preparing the composition I use the ingredients in about the following proportions—viz., the yolks of seventeen eggs, (17), two pounds and fourteen ounces of white granulated sugar, and one half (½) ounce of mace. The above ingredients are all mixed well together; the mace being mixed with the sugar before the sugar and yolks of eggs are put together.

"After the above ingredients are thoroughly mixed I add thereto three fourths (¾) of a pint of oil, which may be vegetable oil or melted lard, and two and three quarters (2¾) quarts of milk from which substantially all the cream has been removed; said oil and milk being well stirred into the first named mixture. The oil or melted lard forms a shortening.

"Five pounds of sifted winter wheat flour, one and one half (1½) ounces of salt, one and one half (1½) ounces of baking soda, three (3) ounces of cream of tartar, are thoroughly mixed together, and then five (5) additional pounds of flour are added thereto; two and one half (2½) pounds of which is, preferably, common flour. The purpose of adding the salt, baking soda and cream of tartar to one half (½) the total quantity of flour used, is for ease of handling and mixing the same.

"The last named ingredients, comprising the flour, salt, baking soda and cream of tartar, are well sifted together and then added to the first mixture comprising the yolks of eggs, sugar, mace, oil and skimmed milk, making my doughnut mix, which is then deposited in a hopper and cut, with a taut wire, as it flows from said hopper, and cooked by a machine designed therefor, as recited.

"I find that my doughnut mix, made of the ingredients named, joined in the manner described, will continuously flow from said hopper, and can be successfully run through a machine, and rapidly and thoroughly cooked, in the center of each doughnut made thereof, as well as on the outside thereof, and said doughnuts will be light in composition, tasty, and agreeably masticated."

due to the milk content. In other words, there is formed a batter which, after the manner of batters, is of such fluidity that it will pour by gravity. Webster defines batter as "a semiliquid mixture of several ingredients, as of flour, eggs, milk, etc., beaten together and used in cookery." And who does not recall from earliest memory the various cakes and pastries produced from batters of different kinds and degrees, which were poured from spoons, ladles, pitchers and other containers, onto hot griddles or stove tops or waffle irons, or into greased skillets or hot deep fat?

In our judgment the increase or decrease of the milk or other liquid content of a mixture for the sole purpose of producing or increasing or diminishing the fluidity of the mix so that it will flow more or less readily as may be desired, does not attain unto the dignity of invention.

In the Examiner's communications (see marginal note 2), his first and second rejections of the claim were, in our judgment, well grounded in his holding that the recipe disclosed did not involve invention, and that the ingredients were all well known. But, at any rate, the patentee acquiesced in the rejections, and predicated his final claim as allowed on the variation in proportion of a single ingredient (milk) instead of all of them. Surely if invention was not involved in the combining of all the enumerated ingredients, invention did not reside in the employment of one of them in combination with the others. We think this claim was improperly allowed.

Whether the precise proportion of milk to the other ingredients of a doughnut mix as pointed out in the specification was employed prior to the invention date of the patent is not here material, where no claim is directed to a mix of those ingredients or to the proportions as set forth in the specification.

From this record it is apparent to us that the court properly held the patent void and dismissed the bill for want of equity.

The decree is affirmed.

---

2 In rejecting the claim as originally filed the Examiner said: "The claim is nothing more than a recipe for doughnuts, quite within the skill of one versed in the art to originate, and does not rise to the dignity of invention."

Upon amendment the claim was again rejected in these words: "The claim is again rejected as being nothing more than a simple recipe. Each ingredient in the so-called doughnut mix is used to perform its known function and no new or unobvious result is apparent from applicant's specific aggregation thereof."

Further amendment followed, as to which the Examiner responded:

"The claim, as now presented, is so specific and limited that if it should be allowed, no protection would be obtained.

"However, it is thought that applicant has patentable subject matter which could be covered by a claim omitting the specific proportions, naming only the important ingredients and stating that the mass is semi-fluid and capable of being poured.

"The claim, at present, is furthermore objectionable as being hybrid in the attempt to define the product by the process of making it. A claim drawn to the particular process for making applicant's doughnut mix may be allowed."

Further amendment was made, which was also rejected, the Examiner saying:

"The claims are rejected.

"Upon reconsideration, it is not thought that a patentable process claim can be drawn.

"The product claim is objectionable in the form presented. If a claim drawn along similar lines to the one below is presented, it will be allowed;—a semi-liquid composition of matter consisting of milk and flour, with the other ingredients necessary to a doughnut, in such proportion that due to the amount of milk present, the mix is capable of being poured into hot grease to form a doughnut."

Thereupon the claim as allowed was presented.